UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DIEDRE JO CARNEY, | ) | |
| | ) | Bankruptcy No. 07-01097 |
| Debtor. | ) | |
| _____ | ) | |
| SHERYL L. SCHNITTJER, | ) | |
| | ) | Adversary No. 07-09156 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER PIPPERT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER RE: COMPLAINT TO RECOVER PREFERENCE**

This matter came before the undersigned for trial on
August 20, 2008.  Plaintiff/Trustee Sheryl L. Schnittjer was
represented by attorney Abbe M. Stensland.  Defendant Christopher
Pippert was represented by attorney John M. Titler.  After the
presentation of evidence and argument, the Court took the matter
under advisement.  The time for filing briefs has now passed and
this matter is ready for resolution.  This is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

Trustee seeks to avoid a transfer of $1,895.95, which Debtor
paid to Mr. Pippert, as a preference under § 547(b).  Mr. Pippert
asserts the payment is not a preference because he is a secured
creditor entitled to a mechanic's lien under Iowa law.  Trustee
denies Mr. Pippert is a secured creditor because he did not
perfect his mechanic's lien.

**FINDINGS OF FACT**

Defendant Christopher Pippert operates a hardware store and
does plumbing and HVAC contracting.  In early 2007, he performed
repairs on the furnace at Debtor's home.  On January 22, 2007, he
replaced a valve and switch on Debtor's old furnace and billed
her $366.73.  Debtor paid this bill on February 27, 2007.

On March 11, 2007, Mr. Pippert billed Debtor $1,895.85 for a new furnace, including installation. Debtor paid Mr. Pippert $100 on March 26, 2007 and another $100 on April 27, 2007. She paid the remainder of the amount due of $1,695.85 on June 9, 2007, the 90th day after the March 11, 2007 invoice. Mr. Pippert testified that March 11 was probably the date he installed the furnace. Debtor filed her Chapter 7 bankruptcy petition on June 20, 2007. The 90th day prior to the petition date is March 22, 2007.

Trustee asserts the $1,895.85 Debtor paid Mr. Pippert is a preferential transfer avoidable under § 547(b). Mr. Pippert asserts he is protected by Chapter 572 of the Iowa Code.[1] He held a valid mechanic's lien at the time of the payment. In the alternative, he asserts the payment was either a contemporaneous exchange for new value under § 547(c)(1) or is a "normal course" transaction under § 547(c)(2).

## CONCLUSIONS OF LAW

Under § 547(b), Trustee must prove six elements to avoid a transfer as a preference:

> (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case (or one year for insiders), (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor had asserted its claim in a Chapter 7 liquidation.

In re Interior Wood Prods. Co., 986 F.2d 228, 230 (8th Cir. 1993); 11 U.S.C. § 547(b). The trustee has the burden to prove avoidability under § 547(b), while defendants have the burden of proving nonavoidability of a transfer under the § 547(c) exceptions. 11 U.S.C. § 547(g).

---

[1]All references to sections of Iowa Code Chapter 572 are to the 2006 version in effect prior to amendments enacted in the 2007 Iowa Acts, which became effective July 1, 2007. See Iowa Code § 3.7(1) (making enactments effective on the first day of July following their passage); Fideres v. Schiltz, 540 N.W.2d 261, 264 (Iowa 1995) (all statutes are presumed to apply prospectively); Iowa Code § 4.5.

As a general rule, a mechanic's lien arises on the day work commences under the contract between the supplier of material or labor and the owner of the property. <u>Metropolitan Fed. Bank v. A.J. Allen Mechanical Contractors, Inc.</u>, 477 N.W.2d 668, 671 (Iowa 1991). Perfection of the lien is governed by section 572.8, which requires the filing of a statement with the clerk of the Iowa District Court within 90 days from the date the work was complete. Iowa Code §§ 572.8, 572.9.

Mechanic's liens have priority over all other liens except liens of record prior to the time the work is commenced. Iowa Code § 572.18. The lien is valid even though no mechanic's lien statement has been filed. <u>Maryland Casualty Co. v. Des Moines City Evangelistical Union</u>, 167 N.W. 695, 698 (Iowa 1918); Iowa Code § 572.9. "The principle that a failure to file a mechanic's lien on time does not defeat a lien except as against good faith purchasers or encumbrancers for value without notice has long been recognized in our statutory law. It has also been long recognized in our cases." <u>Rohlin Const. Co. v. Lakes, Inc.</u>, 252 N.W.2d 403, 407 (Iowa 1977) (citations omitted). Thus, a mechanic's lien continues after the time fixed for filing a statement, except as against a good faith purchaser. <u>Hunt Hardware Co. v. Herzoff</u>, 195 N.W. 264, 266 (Iowa 1923); Iowa Code § 572.18. A trustee in bankruptcy is deemed to possess the rights of a hypothetical good faith purchaser as of the date of the petition pursuant to 11 U.S.C. § 544(a)(3).

Section 547(c)(6) excepts from preference avoidance a transfer "that is the fixing of a statutory lien that is not avoidable under section 545." In <u>In re Souers</u>, 163 B.R. 346, 349 (Bankr. S.D. Iowa 1994) (Hill, J.), the court found that a mechanic's lien is a statutory lien under the Bankruptcy Code.

> [T]he attachment or perfection of a statutory lien during the preference period is generally not avoidable as it falls within the scope of § 547(c)(6). Therefore, as long as the mechanic's lien is not avoidable pursuant to § 545, it would appear that it would fall within the exception of § 547.

<u>Id.</u> (citations omitted). The <u>Souers</u> court found that a mechanic's lien perfected under the Iowa Code would not be avoidable by the trustee under 11 U.S.C. § 545. <u>Id.</u> at 350.

A few courts have considered whether trustees are entitled to avoid payments made to mechanic's lien claimants prior to the lien being perfected. In <u>In re 360Networks (USA) Inc.</u>, 327 B.R. 187, 193 (Bankr. S.D.N.Y. 2005), the court held:

3

> [P]ayments made to the holder of an inchoate statutory
> lien during the preference period are not avoidable
> where, at the time of the payment, the lienholder: i)
> remained eligible to perfect the lien pursuant to
> relevant State law, and ii) such perfection would not
> otherwise have been avoidable under the Bankruptcy
> Code.

The court noted that a statutory mechanic's lien that could have
been timely perfected under applicable State law is an "inchoate"
mechanic's lien. Id. at 189.  Additionally, a transfer to a
fully secured creditor is immunized from preference avoidance
because the creditor would have been paid in full in a
hypothetical Chapter 7 liquidation, leaving the trustee unable to
prove the sixth element of a preference as listed above. Id. at
190; 11 U.S.C. § 547(b)(5); see also In re N.A. Flash Foundation,
Inc., 541 F.3d 385, 2008 WL 3822951, at *4 (5th Cir. 2008)
(concluding subcontractor would have been paid in full because
debtor held funds in trust pursuant to Texas law); In re Electron
Corp., 336 B.R. 809, 813 (B.A.P. 10th Cir. 2006) (agreeing with
reasoning of 360 Networks; applying Colorado law).

     The court in In re Golfview Developmental Center, Inc., 309
B.R. 758, 769 (Bankr. N.D. Ill. 2004), similarly found that a
mechanic's lien claimant was a secured creditor based on its
inchoate lien. Because the creditor was paid for the work, its
inchoate lien was satisfied and it had no cause to record a lien
against the debtor's property.  Id. at 769-70; see also In re
R.M. Taylor, Inc., 257 B.R. 289, 295 (Bankr. W.D. Mo. 2000)
(finding payment to mechanic's lien claimant did not diminish
bankruptcy estate).

     The court in In re Globe Holdings, Inc., 366 B.R. 186, 193
(Bankr. N.D. Ala. 2007), applies Massachusetts law which it
distinguishes from the law applied in 360Networks.  It concludes
that prior to perfection, the claimant held no mechanic's lien
rights.  Id. at 192. Additionally, the real estate was
encumbered by a senior mortgage, making the value of any lien
worthless because there was no equity to which it could attach.
Id. at 194; see also Precision Walls, Inc. v. Crampton, 196 B.R.
299, 303 (E.D.N.C. 1996) (applying North Carolina law to find
subcontractor had no lien in the absence of notice to the
property owner).

     In his Pre-Trial Statement, Debtor raises defenses under
§§ 547(c)(1) (new value) and (2) (ordinary course).  Two courts
have decided that the ordinary course of business defense of
§ 547(c)(2) does not apply in circumstances similar to those in

4

this case.  See Globe Holdings, 366 B.R. at 198 (finding lack of
proof of elements of ordinary course defense); In re Pameco
Corp., 356 B.R. 327, 341 (Bankr. S.D.N.Y. 2006) (same).

The courts are split on whether the "contemporaneous
exchange for new value" defense of § 547(c)(1) applies when a
creditor foregoes perfecting a mechanic's lien in exchange for
payment.  Compare In re J.A. Jones, Inc., 361 B.R. 94, 103
(Bankr. W.D.N.C. 2007) (reaffirming unpublished decision holding
that release of inchoate lien rights can provide new value); and
In re R.M. Taylor, Inc., 257 B.R. 289, 296 (Bankr. W.D. Mo. 2000)
(finding release of lien rights is new value); with Pameco Corp.,
356 B.R. at 339-40 (finding no influx of new value from waiver of
lien); and 360Networks, 327 B.R. at 192-93 (finding release of a
right to perfect statutory lien does not constitute new value).
One court noted that cases considering the "new value" exception
in the context of releases of mechanic's liens are actually
premised more upon the sixth element of preference avoidance in
§ 547(b)(5) than on the "new value" defense in § 547(c)(1).  In
re Riggs, 129 B.R. 494, 497 (Bankr. S.D. Ohio 1991).  That is,
they depend on whether the mechanic's lien claimant received more
than it would in a hypothetical Chapter 7 liquidation, rather
than on whether the debtor received an influx of new value.  Id.

## ANALYSIS

Trustee has met her burden to prove the first five elements
of § 547(b).  Debtor made payments to Mr. Pippert on account of
the March 11, 2007 debt.  All three partial payments occurred
within 90 days before Debtor filed her bankruptcy petition.
Debtor does not dispute that she was insolvent at the time of the
payments.

The remaining issue is whether the payments left Mr. Pippert
better off than he would have been without them.  Trustee
testified that she has collected nothing for the bankruptcy
estate to date.  Unsecured creditors have filed claims totaling
approximately $20,900.  Thus, if Mr. Pippert had not received the
funds from Debtor, they would be available to pay unsecured
creditors, including Mr. Pippert, much less than 100 percent of
their claims.  Without taking into account administrative
expenses, payment of $1,895.85 on total unsecured claims of
$22,795.85 ($20,900 plus Mr. Pippert's claim of $1,895.85) would
result in unsecured creditors receiving approximately 8.3% of
their claims.

Mr. Pippert asserts he held a valid mechanic's lien and he
would be entitled to full payment of his claim as a secured

creditor.   Trustee does not appear to dispute that Mr. Pippert is a person entitled to a mechanic's lien under Iowa Code sec. 572.2.  He provided material and labor for improvements or repairs to Debtor's home.  Trustee argues, however, that Mr. Pippert's claim is unsecured based on his failure to perfect the lien by filing a mechanic's lien statement.

Under Iowa law, Mr. Pippert's mechanic's lien attached to Debtor's property on the date he commenced work for Debtor, or March 11, 2007.  For 90 days after the work was finished, this lien was valid against all other subsequent liens or interests. After 90 days, if unperfected, the lien would remain valid against all other interests, except those of good faith purchasers or encumbrancers for value without notice.

Debtor paid Mr. Pippert on the 90th day after he finished his work on her furnace.  At that time, Mr. Pippert's mechanic's lien was valid against all subsequent liens and interests without the need for him to file a statement with the Iowa District Court under Iowa Code sec. 572.9.  Mr. Pippert could have filed a mechanic's lien statement on that date had Debtor failed to pay him in full.  Such perfection of a statutory lien would be excepted from preference avoidance under 11 U.S.C. § 547(c)(6).

If Debtor had paid Mr. Pippert on the 91st day or later, without a lien statement being filed, Mr. Pippert's rights would be subordinate to Trustee's, who possesses the rights of a hypothetical good faith purchaser under the Bankruptcy Code. Debtor, however, paid Mr. Pippert during the 90 days in which perfection is not required in order for a mechanic's lien to have precedence over other property rights under Iowa law.  As such, Mr. Pippert had a valid secured claim.

Mr. Pippert argues and the Court finds that Trustee has offered no evidence regarding the value of the property to which the lien attached.  Thus, nothing in the record prevents the Court from finding that Mr. Pippert would have been entitled to full payment of his secured claim in a hypothetical Chapter 7 liquidation if he had not received payment during the preference period.  Trustee has failed to prove the sixth element of preference avoidance, i.e. that Mr. Pippert is better off from receiving the payments during the preference period than he would have been if he had to assert his secured claim in a Chapter 7 liquidation.  Trustee's complaint must, therefore, be denied.  In light of this resolution, the Court need not further address Mr. Pippert's "ordinary course" and "new value" defenses.

**WHEREFORE**, the Complaint to Recover Preference is DENIED.

**FURTHER**, this adversary proceeding is DISMISSED.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:   October 6, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE